UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TODD KREISLER,                                          03812 Civ. 10 (LTS)

                Plaintiff,

    -against-                                         **ANSWER AND
                                                            JURY DEMAND**

FRESH SUBWAY 62, LLC,
a New York limited liability company,
d/b/a SUBWAY,

                Defendant.
------------------------------------------------------------X

Defendant, FRESH SUBWAY 62, LLC, by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP,** as and for its Answer to the Complaint of the plaintiff herein, respectfully set forth as follows, upon information and belief:

### JURISDICTION AND PARTIES

FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

SECOND: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "2" of the plaintiff's Complaint and respectfully refers all questions of law to this Honorable Court.

THIRD: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "3" of the plaintiff's Complaint

FOURTH: Denies each and every allegation contained in the paragraph designated as "4" of the plaintiff's Complaint but admits that FRESH SUBWAY 62, LLC, is a New York limited liability company.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "5" of the plaintiff's Complaint and refers all questions of law to this Honorable Court.

## COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

SIXTH: Denies each and every allegation contained in the paragraph designated as "6" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "6" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

SEVENTH: Denies each and every allegation contained in the paragraph designated as "7" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "7" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

EIGHTH: Denies each and every allegation contained in the paragraph designated as "8" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "8" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

NINTH: Denies each and every allegation contained in the paragraph designated as "9" of the plaintiff's Complaint.

TENTH: Denies each and every allegation contained in the paragraph designated as "10" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "10" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

ELEVENTH: Denies each and every allegation contained in the paragraph designated as "11" of the plaintiff's Complaint.

TWELFTH: Denies each and every allegation contained in the paragraph designated as "12" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "12" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

THIRTEENTH: Denies each and every allegation contained in the paragraph designated as "13" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "13" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

FOURTEENTH: Denies each and every allegation contained in the paragraph designated as "14" of the plaintiff's Complaint.

FIFTEENTH: Denies each and every allegation contained in the paragraph designated as "15" of the plaintiff's Complaint.

SIXTEENTH: Denies each and every allegation contained in the paragraph designated as "16" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "16" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

SEVENTEENTH: Denies each and every allegation contained in the paragraph designated as "17" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "17" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

EIGHTEENTH: Denies each and every allegation contained in the paragraph designated as "18" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "18" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

NINETEENTH: As and for an answer to paragraph "19" of the plaintiff's Complaint, defendant repeats, reiterate and reallege each and every response to paragraphs "1" through "18" above with the same force and effect as if set forth herein at length.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

TWENTIETH: Denies each and every allegation contained in the paragraph designated as "20" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "20" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

TWENTY-FIRST: Denies each and every allegation contained in the paragraph designated as "21" of the plaintiff's Complaint.

TWENTY-SECOND: As and for an answer to paragraph "22" of the plaintiff's Complaint, defendants repeat, reiterate and reallege each and every response to paragraphs "1" through "21" above with the same force and effect as if set forth herein at length.

## ATTORNEYS' FEES AND COSTS

TWENTY-THIRD: Denies each and every allegation contained in the paragraph designated as "23" of the plaintiff's Complaint.

## DAMAGES

TWENTY-FOURTH: Denies each and every allegation contained in the paragraph designated as "24" of the plaintiff's Complaint.

TWENTY-FIFTH: Denies each and every allegation contained in the paragraph designated as "25" of the plaintiff's Complaint, except Defendant neither admits nor denies the allegations set forth in paragraph "25" of the plaintiff's Complaint as they are conclusions of law only to which no responsive pleading is required.

### AS AND FOR A FIRST SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The plaintiff's Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Plaintiff has not been denied the full and safe access to all of the benefits, accommodation and services of the subject facility.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Plaintiff lacks standing to bring this action and has failed to properly allege standing to assert any or all of the claims attempted to be alleged in the Complaint.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

TWENTY-NINTH: Plaintiff failed to provide any notice to Defendant of alleged violations prior to commencing this action.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTIETH: Injunctive relief must be denied to the extent that the allegations in the Complaint are moot.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIRST: The physical items identified by Plaintiff are not architectural barriers to access, and/or do not prevent enjoyment of the goods and services of the subject facility.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SECOND: Defendant has not refused to take action or make reasonable modifications to remove any architectural barriers.

### AS AND FOR AN EIGHTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-THIRD: If any architectural barriers exist, the changes are not readily achievable without significant difficulty and/or expense, are not technically feasible, would result in significant loss and/or are impractical and/or impossible and/or are not otherwise required.

## AS AND FOR A NINTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Plaintiff lacks standing to commence this action.

## AS AND FOR A TENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The plaintiff's Complaint is barred, in whole or in part, by the applicable Statute of Limitations, administrative filing periods, the failure to satisfy statutory and/or failing to exhaust and/or abide by administrative prerequisites to the bringing of a legal action.

## AS AND FOR AN ELEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SIXTH: Upon information and belief, plaintiff is not disabled within the meaning of the ADA. But assuming that plaintiff suffered from a qualifying disability, the plaintiff could not, with reasonable accommodation, enjoy the right or rights in question.

## AS AND FOR A TWELFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: To the extent that Plaintiff made any request for an accommodation, Defendant provided Plaintiff with a reasonable accommodation. To the extent Defendant denied an accommodation, such accommodation was not unreasonable and/or would have caused the defendant undue hardship.

## AS AND FOR A THIRTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: The ADA provisions cited by plaintiff do not apply to Defendant.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-NINTH: If plaintiff has been subject to barriers, the removal of such barriers are not readily achievable or are not technically feasible.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTIETH: If it is determined that Defendant is responsible for the acts alleged in the Complaint, then plaintiff failed to take reasonable steps to mitigate his damages.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIRST: Plaintiff claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SECOND: The Americans with Disabilities Act is inapplicable.

### AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-THIRD: The Administrative Code of the City of New York is inapplicable.

### AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FOURTH: Plaintiffs complaint is barred by the statute of limitations.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIFTH: Plaintiff has not been denied the full and safe access to all of the benefits, accommodation and services of the subject facility.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SIXTH: Plaintiff lacks standing to bring this action and has failed to properly allege standing to assert any or all of the claims attempted to be alleged in the Complaint.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Plaintiff failed to provide any notice to Defendant of alleged violations prior to commencing this action.

### AS AND FOR A TWENTY- THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-EIGHTH: Injunctive relief is inappropriate.

### AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-NINTH: The physical items identified by plaintiff are not architectural barriers to access, or prevent enjoyment of the good and services of the subject facility.

### AS AND FOR A TWENTY-FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FIFTIETH: Defendant has not refused to take steps, nor refused to make reasonable modifications, to remove architectural barriers, if any.

### AS AND FOR A TWENTY-SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-FIRST: Prior to the commencement of this lawsuit, plaintiff has never been, or attempted to enter, the property at issue.

### AS AND FOR A TWENTY-SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-SECOND: The Plaintiff has failed to join indispensable parties to this action.

### AS AND FOR A TWENTY-EIGHTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-THIRD: The Complaint is barred, in whole or in part, by the failure to satisfy the statutory and administrative prerequisites to the bringing of a legal action.

### AS AND FOR A TWENTY-NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-FOURTH: The instant lawsuit should be barred under the legal theory of champerty.

### AS AND FOR A THIRTIETH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-FIFTH: The instant lawsuit should be barred under the legal theory of barratry.

## AS AND FOR A THIRTY-FIRST SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-SIXTH: The Court should take judicial notice of the eight other lawsuits that plaintiff Todd Kreisler, and his Attorney Adam Shore have brought in this court between October 2009 and June 2010. See Kreisler v. 60th Street Restaurant Corp. et al, 1:09-cv-08618-JSR; Kreisler v. McDonald's Corporation et al, 1:09-cv-09358-DAB; Kreisler v. Rodney Dangerfield, Inc. et al. 1:10-cv-03807-CM; Kreisler v. Chicken R US Corp. et al. 1:10-cv-03809-RMB; Kreisler v. Happy Taco A Inc. et al.; 1:10-cv-03810-RJS; Kreisler v. 1173-A Second Avenue Corp., 1:10-cv-03811-RJH; Kreisler v. Naima Corp. et al, 1:10-cv-04660-CM.

## AS AND FOR A THIRTY-SECOND SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-SEVENTH: Defendant reserves its right to assert further defenses should such further defenses become known to it during the litigation of this action.

## DEMAND FOR A JURY TRIAL

FIFTY-EIGHTH: Defendant, FRESH SUBWAY 62, LLC, demands a trial by jury as to any and all issues raised in the plaintiff's Complaint and this answer which are triable before a jury.

That by reason of this action, Defendant has been and will be put to costs and expense including attorney's fees.

**WHEREFORE**, Defendant, FRESH SUBWAY 62, LLC, demands judgment dismissing the Complaint herein, and costs, fees and disbursements incurred in this action.

Dated: New York, New York
August 11, 2010

                                   Respectfully submitted,

                                   **RUTHERFORD & CHRISTIE, LLP**

By: _____
                             Lewis R. Silverman (LRS 9723)
                             Attorneys for Defendant
                             FRESH SUBWAY 62, LLC
                             369 Lexington Avenue, 8th Floor
                             New York, New York 10017
                             (212) 599-5799
                             Our File No: 1306.001

TO:    LAW OFFICE OF ADAM T. SHORE
          Attorney for Plaintiff
          100 Park Avenue, Suite 1600
          New York, New York 10017
          (646) 476-4296
          Attention: Adam T. Shore, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 11, 2010, a copy of the within **ANSWER WITH JURY DEMAND AND NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**, was furnished via Regular Mail to LAW OFFICE OF ADAM T. SHORE, 100 Park Avenue, Suite 1600, New York, New York 10017, Attn: Adam T. Shore, Esq.

RUTHERFORD & CHRISTIE, LLP

By: _____
Lewis R. Silverman (LRS-9723)